## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **Quinton Eugene Williams,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:15cv1307 (GBL/TCB)** |
| | ) | |
| **Tracy Ray, Warden,** | ) | |
| **Respondent.** | ) | |

### MEMORANDUM OPINION

This matter is before the Court on defendant's Motion to Dismiss. Quinton Eugene Williams, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions entered in the Circuit Court of the City of Portsmouth, Virginia. On March 14, 2016, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Dkt. Nos. 14, 15, 16. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975); however, he did not file a response, and the matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

### I. Background

Petitioner is detained pursuant to a final judgment of the Circuit Court of the City of Portsmouth, entered November 26, 2012. Pursuant to a bench trial, petitioner was convicted of possession with intent to distribute heroin, in violation of Virginia Code § 18.2-248. Case No. CR 12001315-01. The trial court sentenced petitioner to ten years in prison, with seven years suspended.

Petitioner pursued a direct appeal to the Court of Appeals of Virginia, arguing that the evidence presented was insufficient to show petitioner possessed the heroin capsules that the

police recovered from the ground at the rear of the vehicle during a traffic stop. The Court of

Appeals of Virginia denied the appeal on September 5, 2013. Rec. No. 2263-12-1. The

Supreme Court of Virginia subsequently refused his petition for appeal on January 24, 2014.

Rec. No. 131487.

The Court of Appeals' order dated May 30, 2013 and record reflect the following facts:

> [O]n June 6, 2012, Sergeant Johnson and Detective Clinton pulled over a vehicle that was travelling in excess of the posted speed limit. Sean Dupree was the driver, and [petitioner] was the passenger of the vehicle. As Johnson approached the passenger side of the vehicle, he smelled what he described as 'an overwhelming smell of marijuana coming from inside the vehicle.' He asked [petitioner] to get out of the vehicle. Johnson saw a scale and money on the center console. When [petitioner] exited the vehicle, Johnson noticed one of [petitioner]'s hands was clenched. Johnson handcuffed [petitioner] and walked him to the back of the vehicle. [Petitioner] faced the back of the vehicle, and Johnson stood behind him. Johnson then "felt something hit [his] right foot." When Johnson looked down, he saw a bag containing thirty-one capsules of heroin. Johnson said nothing was lying on the ground just "seconds before" he felt something hit his foot. He and [petitioner] were the only ones in the area where the capsules were.
>
> The police later searched the car driven by Dupree and found a hidden compartment within the center console. Inside the hidden compartment were "numerous kinds of narcotics and weapons."[1]
>
> Clinton interviewed [petitioner] after Clinton advised [petitioner] of his <u>Miranda</u> rights. Clinton testified that he asked [petitioner] if "he got his heroin . . . that we recovered today from Dupree," and [petitioner] stated, yes.
>
> [Petitioner] was charged with possession of heroin with intent to distribute. He pled not guilty. In addition to the above, an expert testified that the thirty-one capsules of heroin and the scale were not consistent with personal use. After the Commonwealth presented its evidence, [petitioner] moved to strike, which the trial court denied.
>
> [Petitioner] called two witnesses to testify on his behalf. Both said that [petitioner] was expected at a birthday dinner later that day. Then, [petitioner] testified and denied possession of the heroin. He admitted that he had eight felony convictions and three misdemeanors involving lying, cheating, or stealing. He explained that he got a ride from Dupree to go to the birthday dinner. He testified that he had known Dupree for approximately eight years and knew Dupree "ain't no saint." When Johnson asked [petitioner] to step out of the vehicle, [petitioner] did so, and he testified that neither of his hands were "balled

---

[1] The trial court did not consider the heroin found inside the hidden compartment when it considered the charge against [petitioner].

2

up." He did not have anything in his hands. He also denied dropping anything on Johnson's foot. [Petitioner] further denied seeing the scale or money on the center console. He testified, "Ma'am, if I know [sic] that that stuff was in there, do you think I would have gotten in that truck knowing that stuff was in there?" He also stated that Clinton did not advise him of his <u>Miranda</u> rights, and he did not tell Clinton that he received the drugs from anybody.

Rec. No. 2263-12-1, May 30, 2013 Order.

After pursuing his direct appeal, petitioner timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on January 21, 2015. Rec. No. 150132. In his state habeas case, petitioner made the following claims:

A. "Counsel failed to conduct a meaningful challenge of this Commonwealth['s] case by not proffering the iden[t]ity of the confidential informant during discovery for cross-examination regarding the probable cause to stop/detain/and arrest."

"Trial counsel failed to conduct an adequate and reasonable investigation into all plausible lines of petitioner's defen[s]e prior to trial."

B. "Petitioner was subjected to violation of the <u>Miranda</u> rulings while petitioner was handcuffed and placed in a police car [for] questioning the petitioner [with respect to] the codefendant Mr. Dupree['s] drug dealings."

"Trial counsel failed to object to the pro[b]able cause summary given by the detective regarding the stop/detain/search and arrest, where the police w[ere] acting on the information provided by a confidential informant."

C. "Trial counsel failed to request of the Commonwealth a summary of all testimony afforded by the witness and other police that were involved in the stop/detainment/search and arrest."

D. "Trial counsel subjected the petitioner to irreversible prejudice where counsel did not explain the full consequences of the plea prior to advising the petitioner to enter a plea of guilty."

"Trial counsel failed to raise proper objections to the leading question as were presented by the prosecution."

E. "Trial counsel subjected the petitioner to actual prejudice where counsel failed to conduct a reasonable minimum investigation into all plausible lines of defense."

3

"Trial counsel failed to make inquiry into the possibility of there being a confidential informant, and such omission subject[ed] the petitioner to irreversible prejudice in the conduct in petitioner plea of not guilty questions before the court."

The Supreme Court of Virginia dismissed the habeas petition by order dated July 6, 2015. Rec. No. 150132.

On or about October 1, 2015, petitioner filed the instant federal petition, wherein he challenges his convictions on the following grounds:[2]

A(1). Counsel failed to conduct adequate investigation into all plausible lines of defense prior to trial.

Counsel failed to "secur[e] summary statements of the prosecution[']s witness," which would have enabled counsel to prepare a proper defense in challenging the testimony and evidence against petitioner.

A(2). Counsel failed to request discovery regarding the confidential informant.

A(3). Counsel failed to challenge the arrest on the grounds that the police violated petitioner's Miranda rights.

A(4). Counsel failed to question the other officers at the scene of the arrest regarding the conflicting statements about what occurred.

B(1). Petitioner was subjected to violations of Miranda and interrogated about the alleged drug dealing of "Mr. Dupree."

B(2). Counsel "failed to object to the [probable] cause summary given by the detective regarding the stop/detain/search and arrest where the police [were] acting on the information [provided] by a confidential informant."

C(1). Counsel failed to challenge the probable cause "to stop/detain/search" and arrest petitioner.

C(2). Counsel failed to request from the Commonwealth a summary of all the

---

[2] Petitioner articulates his claims in the body of the petition and in the Brief and Memorandum in Support of the Petition for Writ of Habeas Corpus. Dkt. No. 1, Ex. 1. Additionally, petitioner raises multiple issues within each lettered claim. In Claim (A), petitioner subdivided his claims further, but he did not do so in Claims (B) through (E). In an effort to avoid confusion, the Court has subdivided petitioner's claims.

"testimony" made by the witnesses and police that were involved in the "stop/detainment/search and arrest" of petitioner.

D(1). Counsel failed to adequately prepare a defense to the admissibility of "Mr. Dupree's" drugs, which were found in the car.

D(2). Counsel failed to properly object to the prosecutor's leading questions.

E. Counsel failed to inquire into the possibility of there being a confidential informant and this omission subjected petitioner to irreversible prejudice when petitioner pled not guilty.

See Dkt. No. 1.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. Failure to exhaust all claims requires dismissal of the complaint to allow the petitioner to first present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

To the extent a claim has been exhausted through presentment to the state courts, it must have asserted a clear, cognizable federal law ground upon which a federal court may subsequently be able to properly exercise jurisdiction. The federal claims must have been presented "face-up and squarely" to the state courts in order to be properly exhausted. Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994); see also Duncan, 513 U.S at 365-66 ("If state courts

are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.).

Petitioner has exhausted Claims A(1), A(2), B(1), B(2), C(1), C(2), D(2), and E because he presented these claims to the Supreme Court of Virginia in his state habeas petition. Petitioner has failed to exhaust Claims A(3), A(4), and D(1) because he did not raise the issues on direct appeal or in his state habeas petition.

### III. Procedural Default

Where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Harris, 489 U.S. at 260-63. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

A petitioner may overcome a state procedural default by establishing cause and prejudice or a fundamental miscarriage of justice. See generally Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). To demonstrate "cause," a petitioner must show "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." Hedrick v. True, 433 F.3d 342, 366 (4th Cir. 2006) (internal quotations omitted). Basic ignorance of the law does not constitute cause to circumvent the procedural default. Rodriguez v. Maynard, 948

6

F.2d 684, 688 (10th Cir. 1991). To show "prejudice," a petitioner must show an alleged constitutional violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). "Because [the] 'cause and prejudice' test is framed in the conjunctive, the absence of cause makes unnecessary an inquiry into prejudice." Davis v. Allsbrooks, 778 F.2d 168, 176 (4th Cir. 1985).

Finally, if it is clear that a claim asserted in federal habeas review is unexhausted because it has never been raised in state court, but would presently be deemed procedurally defaulted under clearly established, regularly enforced state law, then, absent a showing of cause and for the default and prejudice arising from the claim, that claim must be deemed simultaneously exhausted and procedurally defaulted in federal habeas review. Gray v. Netherland, 518 U.S. 152, 161-62 (1996).

    i. Claim B(1)

In Claim B(1), petitioner alleges that his Miranda rights were violated when he was questioned regarding the alleged drug dealing of Dupree. Petitioner did not raise this claim at trial or on direct appeal. When he raised it in his state habeas petition, the Supreme Court of Virginia held that this claim was procedurally defaulted under Slayton v. Parrigan, 2015 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted and barred when the petitioner could have raised the claim on direct appeal, but he did not). The rule in Slayton is an adequate and independent state procedural rule barring federal habeas corpus review. Reid v. True, 349 F.3d 788, 804 (4th Cir. 2003).

Petitioner has not pled, nor can he show, cause and prejudice or a fundamental miscarriage of justice to excuse his default. Thus, Claim B(1) is procedurally defaulted, and must be dismissed.

ii. Claims A(3), A(4), and D(1)

Claims A(3), A(4), and D(1) are exhausted and procedurally defaulted.  In Claim A(3), petitioner alleges for the first time that counsel failed to challenge his arrest on the grounds that the police violated his Miranda rights.  In his state habeas petition, petitioner did not raise an ineffective assistance of counsel claim, but instead raised a substantive claim that his Miranda rights were violated.  In Claim A(4), petitioner alleges trial counsel was ineffective for failing to question officers at the scene of the arrest regarding conflicting statements that were made.  In Claim D(1), petitioner argues counsel was ineffective because she failed to adequately object to the admissibility of drugs found in the car.  Petitioner never raised Claims A(4) nor D(1) in his state habeas corpus proceeding.

These three unexhausted claims must be deemed simultaneously exhausted and procedurally defaulted under Gray v. Netherland, 518 U.S. 152, 160-62 (1996).  "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court."  Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray, 518 U.S. at161-62).  Petitioner can no longer litigate Claims A(3), A(4), or D(1) in a state habeas corpus proceeding.  He would be barred from litigating these claims in state court because his time to file a state habeas petition pursuant to Virginia Code § 8.01-654(A)(2) has expired, and because of the prohibition against filing successive habeas corpus actions in Virginia Code § 8.01-654(B)(2).  These two Virginia Code provisions constitute adequate and independent state law grounds for this procedural bar.  See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000) (the successive petition bar in Virginia Code § 8.01-654(B)(2) is an adequate and independent state law ground); Walker v. Martin, 562 U.S. 307, 321 (2011) (state statutes of limitations may be an independent and adequate state law ground barring federal habeas review); Sparrow v.

8

Director, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006) (finding claims simultaneously exhausted and defaulted in federal habeas actions because claims not presented in state court would now be time barred by adequate and independent default of Virginia Code § 8.01-654(A)(2)).

Petitioner has offered no valid cause and prejudice or fundamental miscarriage of justice in order to excuse his default, nor does any such excuse exist. In the instant case, all the facts underlying petitioner's claims arise from the transcript of his trial, and he could have raised all of these facts in a timely petition for a writ of habeas corpus in the state habeas court. Because petitioner's Claims A(3), A(4), and D(1) are exhausted and procedurally defaulted, they must be dismissed.

### IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme]

Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.  When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision.  See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.  Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  In addition, a federal court should review the state court determination with deference; a federal court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard.  See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted).  A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

i. Ineffective Assistance of Counsel Standard

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984).  Under this test, a petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687.  To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 694. The two prongs, deficient performance and prejudice constitute "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Therefore, a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697; see also Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand."). A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell, 535 U.S. at 695; Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test "is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson, 397 U.S. 759, 771 (1970)," that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59 (internal citations omitted). With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any finding made by the judge accepting the plea, constitute a formidable barrier in any

11

subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Declarations made "in open court carry a strong presumption of veracity," and "the subsequent

presentation of conclusory allegations unsupported by specifics is subject to summary dismissal,

as are the contentions that in the face of the record are wholly incredible." Id. at 74. Thus,

absent clear and convincing evidence to the contrary, a defendant is bound by his representations

at a plea colloquy concerning the voluntariness of the plea and the adequacy of his

representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

### V. Analysis

The Court finds that petitioner's remaining Claims A(1), A(2), B(2), C(1), C(2), D(2),

and E must be dismissed. Nothing in the state court record indicates that the state habeas court

decisions adjudicating these claims were contrary to, or an unreasonable application of, clearly

established federal law, or involved an unreasonable determination of the facts, and those state

habeas court determinations are entitled to deference in this Court.

#### i. Claim A(1)

In part of Claim A(1), petitioner alleges that trial counsel failed to conduct adequate

investigation into all plausible lines of defense prior to trial. Petitioner previously raised this

claim in his state habeas petition in his state habeas Claim A. The Supreme Court of Virginia

determined that petitioner failed to satisfy either prong of the Strickland test. Rec. No. 150132,

July 6, 2015 Order at 1-2. Specifically, the state habeas court held that petitioner "fail[ed] to

proffer what defenses counsel should have investigated or what would have been discovered had

counsel conducted an adequate investigation." Id. at 1. Thus, the state habeas court concluded

that petitioner "failed to demonstrate that counsel's performance was deficient or that there is a

reasonable probability that, but for counsel's alleged errors, the result of the proceeding would

have been different." Id. at 1-2.

12

The state habeas court's determination that petitioner failed to show his trial counsel was deficient or that he was prejudiced by his trial counsel's failure to adequately investigate, is neither contrary to, nor an unreasonable application of, existing federal law.  The state habeas court's determination also does not rest on an unreasonable finding of fact.  Accordingly, the state habeas court's ruling is entitled to deference, and this portion of Claim A(1) must be dismissed.

### ii. Claims A(1) and C(2)

In another portion of Claim A(1) and in Claim C(2), petitioner contends that trial counsel was ineffective for failing to secure summary statements from the Commonwealth's witnesses. This claim was previously addressed by the state habeas court in petitioner's state habeas Claim C.  The state habeas court held:

> "[T]here is no general constitutional right to discovery in a criminal case." Commonwealth v. Tuma, 285 Va. 629, 635, 740 S.E.2d 14, 18 (2013) (quoting Weatherford v. Bursey, 429 U.S. 545, 559 (1977)).  Counsel could reasonably have determined any demand for summaries of the expected testimony of the Commonwealth's witnesses would have been futile.  Moreover, the record, including the Commonwealth's response to defense counsel's discovery request, demonstrates that the Commonwealth provided petitioner with discovery, including summaries of the observations of Detective Clinton, the results of the field test conducted on the heroin by Sergeant Johnson, finger print examination reports, and a certificate of analysis from the Department of Forensic Science. Petitioner fail[ed] to proffer what additional information would have been disclosed by a summary of the witnesses' testimony.  Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Rec. No. 150132, July 6, 2015 Order at 3-4.

The state habeas court's determination that petitioner failed to show trial counsel was deficient or that he was prejudiced by trial counsel's failure to obtain summaries of the witnesses' testimonies is neither contrary to, nor an unreasonable application of, existing federal

13

law and Supreme Court precedent. It also does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference in this Court, and this portion of Claim A(1) and Claim C(2) must be dismissed.

      iii. <u>Claims A(2) and E and Claims B(2) and C(1)</u>

      In Claim A(2) and Claim E, petitioner argues that trial counsel was ineffective when she failed to request discovery regarding the alleged confidential informant. Petitioner raised this claim in a portion of his state habeas Claim E. In Claim B(2) and Claim C(1), petitioner argues that trial counsel was ineffective for failing to object to the detective's explanation of the probable cause stop and arrest of petitioner, where police were relying upon a confidential informant.

      The state habeas court rejected these claims, finding that petitioner had failed to satisfy either prong of the <u>Strickland</u> test. The state habeas court specifically found:

> The record, including the trial transcript, demonstrates that Sergeant Johnson and Detective Clinton stopped a vehicle for speeding. Petitioner was the passenger of the vehicle. When Sergeant Johnson approached the passenger side of the vehicle he smelled marijuana. Sergeant Johnson opened the passenger door and asked petitioner to exit the vehicle. Sergeant Johnson observed a scale and money sitting atop the center console. When petitioner exited the vehicle, Sergeant Johnson noticed one of petitioner's hands was clenched. Sergeant Johnson handcuffed petitioner and walked him to the back of the vehicle. While petitioner was facing the back of the vehicle and Sergeant Johnson was standing behind petitioner, Sergeant Johnson felt something hit his foot. When he looked down, he saw a plastic bag containing thirty-one capsules of heroin. Accordingly, counsel could reasonably have determined an investigation into whether the police stopped, searched, and arrested petitioner based on information provided by a confidential informant was not warranted. Furthermore, a confidential informant may provide the basis for probable cause. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Rec. No. 150132, July 6, 2015 Order at 2-3.

14

The state habeas court's determination that petitioner failed to show trial counsel was deficient or that he was prejudiced by trial counsel's alleged failure to seek discovery or to challenge the probable cause stop and arrest of petitioner, are neither contrary to, nor an unreasonable application of, existing federal law. The state habeas court's determination also does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference in this Court, and Claims A(2), E, B(2), and C(1) must be dismissed.

    iv. <u>Claim D(2)</u>

In Claim D(2), petitioner claims trial counsel was ineffective for failing to properly object to the prosecutor's leading questions. This claim was addressed by the state habeas court in a portion of petitioner's state habeas Claim D. The state habeas court found that petitioner failed to satisfy either prong of the <u>Strickland</u> analysis:

> Petitioner fail[ed] to identify the questions to which counsel could have objected or even the witnesses who were being questioned. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he result of the proceeding would have been different.

Rec. No. 150132, July 6, 2015 Order at 4-5.

The state habeas court's determination that petitioner failed to show trial counsel was deficient or that he was prejudiced by trial counsel's alleged failure to object to leading questions, is neither contrary to, nor an unreasonable application of, existing federal law. The state habeas court's determination also does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference in this Court, and Claim D(2) must be dismissed.

### VI. Conclusion

Because nothing in the state court record indicates that the state court decisions were

contrary to, nor an unreasonable application of, clearly established federal law, nor did those decisions involve an unreasonable determination of the facts, this petition will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this _22nd_ day of _June_ 2016.

Alexandria, Virginia

_____/s/_____
Gerald Bruce Lee
United States District Judge

16